IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>    SCHUYLKILL RAIL CAR, INC.,<br>                Debtor in Possession<br><br>SCHUYLKILL RAIL CAR, INC.,<br>              Movant<br><br>vs.<br><br>FIRST NATIONAL BANK<br><br>and<br><br>UNITED STATES DEPARTMENT OF<br>AGRICULTURE, AS GUARANTOR,<br>              Respondents | Chapter 11<br><br>Case No. 1:14-bk-02477 |

DEBTOR IN POSSESSION'S MOTION
FOR INTERIM USE OF CASH COLLATERAL

COMES NOW, this 28th day of May, 2014, the Debtor in Possession, by its counsel, CGA Law Firm, Lawrence V. Young, Esquire, and does file the within Motion seeking entry of an Interim Order authorizing the use of cash collateral pending a final hearing on the Motion, and scheduling a final hearing on the Motion, as follows:

PARTIES

1. Movant is the within Debtor in Possession, Schuylkill Rail Car, Inc. (hereinafter referred to as "Debtor"), which is filing a voluntary Chapter 11 Petition contemporaneously with the filing of this Motion. Debtor is represented by CGA Law Firm, Lawrence V. Young, Esquire, 135 North George Street, York, Pennsylvania 17401.

2. The first Respondent is First National Bank, 409 North Second Street, Suite 201, Harrisburg, Pennsylvania 17101 (hereinafter "FNB"). FNB is represented by Mette, Evans & Woodside, Heather Z. Kelly, Esquire, 3401 North Front Street, P.O. Box 5950, Harrisburg,

{00831277/1}

Pennsylvania 17110-0950. FNB holds a valid, perfected and first lien security interest in Debtor's cash and cash collateral (inventory, accounts receivable, etc.).

3. The second Respondent is the United States Department of Agriculture (hereinafter "USDA"), 1 Credit Union Place, Suite 330, Harrisburg, Pennsylvania 17111. USDA has acted as a guarantor of two of the three loans between Debtor and FNB to the extent of 80% of the loan balances in the aggregate amount of approximately $5,000,000.

## JURISDICTION AND VENUE

4. The issues and matters set forth in this Motion constitute a core proceeding under 28 U.S. §157(b)(2).

5. Jurisdiction in the Bankruptcy Court is appropriate pursuant to 28 U.S.C. §1334.

6. Venue is appropriate in the United States Bankruptcy Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1409.

## PRE-PETITION SECURED OBLIGATIONS

7. Prior to the filing of the within case, Debtor borrowed certain sums of money from FNB pursuant to secured financing arrangements, loan agreements, promissory notes, and security agreements (together, the "Prepetition Loan Documents"). FNB is secured by, *inter alia*, a security interest in substantially all of the Debtor's cash, accounts receivable, equipment and railcar inventory (collectively, the "Collateral"). In the operation of the Debtor's business in the ordinary course, the Debtor leases and purchases rail cars, renders services and collects receivables. The proceeds of the services rendered is cash or cash equivalents, which constitute "Cash Collateral" as defined by 11 U.S.C. §363. Specifically, 11 U.S.C. §363(a) provides, in pertinent part, as follows:

"cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents,. . . whether existing before or after the commencement of a case under this title."

8. Debtor requires the use of such Cash Collateral to operate its business. Specifically, Debtor requires the continued use of its cash or cash equivalents to permit it to pay vendors, meet payroll and benefit obligations to its employees, satisfy deposit and payment obligations to utilities and other providers, maintain in effect its insurance policies, preserve and protect its assets, and to generally and otherwise pay obligations critical to continuing the operation of its business.

## RELIEF REQUESTED

9. Debtor is seeking the entry of an interim Order authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. § 363 and scheduling a final hearing on the within Motion to consider entry of a final Order approving the use of cash collateral.

10. 11 U.S.C. §363 prohibits the use of Cash Collateral unless the party with an interest in the Cash Collateral consents or the Court authorizes such use. Specifically, 11 U.S.C. §363(c)(2) provides:

The Trustee may not use, sell or lease cash collateral . . . unless –

(A) each entity that has an interest in such cash collateral consents; or

(B) the court, after notice and hearing, authorizes such use, sale or lease in accordance with the provisions in this section.

11. 11 U.S.C. §361 provides:

> When adequate protection is required under section 362, 363 or 364 of this title of an interest of an entity in property, such adequate protection may be provided by –
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease or grant results in a decrease in the value of such entity's interest in such property. . .

12. To the extent that the Debtor is using cash in an account in which FNB has a security interest Debtor will continually replenish the cash, such that the account balance will not be less than it was at the inception of the within case. FNB will remain secured in the cash held in Debtor's bank account to the extent that there is cash in the account at the inception of the within case.

13. Additionally, Debtor is filing a Motion to Fix Adequate Protection contemporaneously with this Motion wherein Debtor proposes to provide FNB with Adequate Protection by curing any interest arrears in June, 2014, paying to FNB the full amount of the interest each month, and beginning July, 2014, paying to FNB the full amount of the interest plus $5,000.00 towards the principal, continuing indefinitely.

14. If Debtor is unable to utilize the Cash Collateral, the Debtor may be forced to shut down its business operations, which will severely impair the value of its estate and assets. The Debtor believes its value as a going concern is significantly greater than the liquidation value of its assets. As a consequence, the Debtor's creditors are likely to receive significantly less if the Debtor ceases operations than they would if Debtor is authorized to use the Cash Collateral and remain in business.

15. Pursuant to F.R.B.P. 6003, the Court may grant the relief requested in the within Motion within twenty days after the date of the filing of the case if such relief is necessary to avoid immediate and irreparable harm.

16. Debtor has an urgent and immediate need for cash to continue to operate. Without the use of the cash collateral, Debtor will have no ability to operate its business on an ongoing basis.

17. A copy of Debtor's proposed post-petition income and expenses is attached hereto as Exhibit "A." Debtor believes that it will be successful in restructuring certain debts such that it will be able to operate with a positive cash flow. As such, it is asserted that FNB will be adequately protected.

WHEREFORE, the Debtor in Possession respectfully requests that this Honorable Court enter an Order granting relief as follows:

a. Authorizing the Debtor in Possession the interim use of cash collateral pending final hearing on the matter;

b. Order that Notice be given establishing a hearing date whereby a final Order may be entered permitting the interim use of cash collateral; and

c. Any such other relief as this Honorable Court deems appropriate.

Respectfully submitted

CGA Law Firm

/s/Lawrence V. Young, Esquire
Lawrence V. Young, Esquire
Sup. Ct. I.D. No. 21009
135 North George Street
York, PA 17401
(717) 848-4900
Counsel for Debtor in Possession

{00831277/1}