IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| SCHUYLKILL RAIL CAR, INC., | ) | Case No.: 1:14-bk-02477-RNO |
| | ) | |
| Debtor in Possession. | ) | |
| _____ | ) | |
| | ) | |
| GILMOUR CONSULTING LLC, PLAN ADMINISTRATOR, | ) ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST NATIONAL BANK OF PENNSYLVANIA, | ) ) | |
| | ) | |
| Respondents. | ) | |

**FINAL DECREE CLOSING THE CHAPTER 11 CASE**

This _____ day of _____, 2018, on consideration of Plan Administrator, Gilmour Consulting, LLC's, Motion for Final Decree Closing the Chapter 11 Case ("Motion"), for the entry of a final decree, as more fully set forth in the Motion, and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, their creditors, and other parties in interest; and this Court having

found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this. Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. The instant Chapter 11 case of the Debtor is hereby closed; provided that this Court shall retain jurisdiction over the Adversary Actions and the claims of certain "Objecting Claimants", as defined in the Motion, and as set forth in Article XIII of the Plan.

3. The Plan Administrator and Distribution Agent shall be deemed released from their duties under the Plan upon the distribution of all funds in their possession and upon making arrangements with an accountant/tax preparer for the filing of tax returns

4. The Distribution Agent is authorized to make distributions after the closing of the Chapter 11 case in accordance with the distributions authorized by the Plan and/or as authorized by the Court.

5. The few assets that remain are primarily certain railcars as more fully identified in Exhibit "A" attached to the Motion for Final Decree and to this Order. The Plan Administrator shall abandon these few remaining assets since there is no economic value to creditors in general and they are encumbered by the liens of FNB and may also be subject to claims of third parties for storage, repairs or have other such liabilities.

6. The Plan Administrator and Distribution Agent are authorized and directed to wind-down the business of the Debtor and to execute their remaining obligations in the same manner as they were required to do prior to entry of this Final Decree.

7. Entry of this Final Decree is without prejudice to the rights of the Movant, Debtor or any party in interest to seek to reopen any of these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code.

8. The Movant shall, on or before 14 days after entry of this Final Decree: (a) pay all remaining fees due and payable pursuant to 28 U.S.C. § 1930(a)(6); and (b) serve copies of all post-confirmation reports on the U.S. Trustee. Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen this chapter 11 case to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

9. The Plan Administrator, Distribution Agent, and all Professional Persons retained by them are exculpated for liability for any Claim (as defined in the Plan) or liability asserted against the Estate, the Plan Administrator, Distribution Agent, or any of the retained Professional Persons arising in connection with or related to services performed for the Estate, except for fraud or willful misconduct.

10. The Plan Administrator, Distribution Agent, and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

11. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

12.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to (a) the Pending Adversary Actions and the Sale Objections; (b) any matters delineated in Article 13 of the Plan, and (c) the implementation, interpretation, and/or enforcement of this Final Decree.